**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LENIER MUNGIN,

    Petitioner,

v.                                                                                    CASE NO. 8:04-CV-1259-T-30TBM

JAMES McDONOUGH,[1]

    Respondent.
_____/

## **ORDER**

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § §2254 challenging his 2001 conviction and sentence for burglary entered in the Thirteenth Judicial Circuit, Hillsborough County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 13) and Petitioner has filed a reply thereto (Dkt. 16). The matter is now before the Court for consideration on the merits.

## **Background**

Petitioner was charged with burglary of a structure and petit theft. Represented by counsel, he proceeded to a trial by jury. Petitioner was found guilty as charged on the burglary offense and not guilty on the petit theft offense. On November 20, 2000, the trial

---

[1] James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

court adjudicated Petitioner a violent career criminal pursuant to Fla. Stat. 775.084(1)(d)[2] and sentenced him to serve a term of 12 years, to be followed by a 3-year term of probation (Dkt. 14, Ex. 001).

Appointed to represent Petitioner on direct appeal, the assistant public defender filed an *Anders* brief[3] stating that after reviewing the record and law on arguable points, she could find no meritorious argument to support the contention that the trial court committed significant reversible error (Dkt. 14, Ex. 002). As the *Anders* procedure requires, appellate counsel did note in her brief that there were two possible issues that might be raised: (1) whether the trial court erred in denying Petitioner's motion for judgment of acquittal; and (2) whether the trial court erred in sentencing Petitioner as a violent career criminal. *Id.* at 10. Petitioner abandoned the sentencing issue,[4] however, when he filed a *pro se* appellate brief alleging that the trial court's denial of his motion for judgment of acquittal was in error

---

[2]Pursuant to Fla. Stat. § 775.084(1)(d)(1)(a) (2000), "'[v]iolent career criminal' means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(d), if it finds that: The defendant has previously been convicted as an adult three or more times for an offense in this state or other qualified offense that is: (a) Any forcible felony, as described in s. 776.08." Under Fla. Stat. § 776.08 (2000), a forcible felony includes burglary as well as robbery. *See Zink v. State*, 2007 WL 624070, *1 (Fla. 2d DCA 2007)*; Rodriguez v. State*, 826 So. 2d 464 (Fla. 3d DCA 2002) (holding that burglary is a qualifying offense for violent career criminal sentencing). Petitioner was found guilty of burglary of a structure.

[3]An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California,* 386 U.S. 738 (1967).

[4]In Florida courts, a petitioner is considered to have abandoned claims that are not properly briefed for appeal. See *Simmons v. State*, 934 So. 2d 1100, 1111 n.12 (Fla. 2006) (finding petitioner's claim that the prosecutor made improper remarks concerning the DNA evidence on petitioner's car seat was waived because the issue was not properly briefed); *Coolen v. State*, 696 So. 2d 738, 742 n. 2 (Fla. 1997) (stating that a failure to fully brief and argue points on appeal "constitutes a waiver of these claims"). In *Duest v. Dugger*, the Florida Supreme Court emphasized that "merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived." 555 So. 2d 849, 852 (Fla. 1990).

because the State failed to establish that he entered the building with the intent to commit a criminal offense (Dkt. 14, Ex. 003).

Noting that Petitioner's criminal punishment code score sheet indicated that he was sentenced as a violent felony offender pursuant to Fla. Stat. § 785.084(c) when the certified record of prior convictions reflected only nonviolent felonies, the state district court directed the State and Petitioner to file supplemental briefs. In its supplemental brief, the State argued that the box checked on the guidelines score sheet indicated that Petitioner was sentenced as a violent career criminal, which was consistent with the trial court's pronouncement of sentence under Fla. Stat. § 784.084(d). Petitioner's conviction and sentence were affirmed on May 3, 2002, per curiam, without written opinion, with the mandate issuing on June 4, 2002. *See Mungin v. State*, 819 So. 2d 768 (Fla. 2d DCA 2002) (table decision).

On October 29, 2002, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Criminal. P. 3.850 asserting the following claims:

1. Counsel was ineffective for failure to adequately cross-examine the prosecution's witnesses to expose motive for providing "perjurious [sic] testimony," thus denied defendant the right to a [sic] effective cross-examination "guaranteed by the confrontation clause;" and

2. Defense counsel was ineffective for "failure to independently perform a pre-trial investigation" to disclose whether the car lot was open to the public, to establish a visible [sic] defense.

Dkt. 14, Ex. 009. On December 9, 2002, the trial court entered an order denying ground one of Petitioner's Rule 3.850 motion and directing the State to show cause whether Petitioner was entitled to an evidentiary hearing on the remaining claim (Dkt. 14, Ex. 010). Having the benefit of the State's response and Petitioner's reply in opposition thereto, the

trial court summarily denied Petitioner's claim on April 17, 2003 (Dkt. 14, Ex. 013). Petitioner's motion for rehearing was denied on June 24, 2003. (Dkt. 14, Ex. 014). The trial court's decision was affirmed on appeal on February 11, 2004, per curiam, without written decision. *See Mungin v. State*, Case No. 2D03-3316 (Fla. 2d DCA 2004).

Not deterred, Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Criminal. P. 3.800(a) on January 22, 2003, raising the following issue:

> Illegal sentence based on sentencing court improperly finding that defendant qualified as violent career criminal when [the] primary offense of burglary of a structure does not meet 'forcible felony' as defined in 776.08 Florida Statutes (1999).

(Exhibit 016). The trial court denied Petitioner's Rule 3.800(a) motion on April 17, 2003 (Exhibit 017). The state district court affirmed the trial court's decision on January 21, 2004. *Mungin v. State*, 871 So. 2d 229 (Fla. 2d DCA 2004) (table decision). Petitioner's motion for rehearing was denied on February 11, 2004, and the mandate issued on March 10, 2004.

Petitioner filed his petition for federal habeas relief asserting the following grounds for relief:

1. Counsel was ineffective for failing to investigate whether the car lot was opened to the public in order to present a viable defense in violation of petitioner's Sixth and Fourteenth Amendments to the United States Constitution; and

2. Petitioner's sentence is illegal in that the sentencing court improperly found that petitioner qualified for sentencing under the ambiguous and unconstitutional violent career criminal statute, which violates petitioner's Fourteenth Amendment right to due process.

Dkt. 1. Respondent acknowledges that the petition is timely but argues that it should be denied because Petitioner has failed to make the showing necessary for relief under 28

-4-

U.S.C. § §2254 (Dkt. 13 at 9). Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, for reasons set forth below, this Court agrees with Respondent.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

>    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See*

*Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

### Evidentiary Hearing

To be entitled to an evidentiary hearing on habeas claims, the petitioner must "allege facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (citation omitted). Because "such a hearing would not assist in the resolution of [Petitioner's] claim[s]"), an evidentiary hearing is not required for the disposition of this matter. Rules Governing Section §2254 Cases 8(a). *See Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied).

### Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Petitioner's claims. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

### Ground One

In his first claim for relief, Petitioner asserts that trial counsel was ineffective in failing to investigate whether the car lot was open to the public (Dkt. 1 at 5A). To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.

-6-

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Because the ultimate resolution of ineffective assistance of counsel claims is a mixed question of law and fact, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001); *Meeks v. Moore*, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination. *Parker v. Head*, 244 F.3d 831, 835-37 (11th Cir. 2001). State court findings of historical facts made in the course of evaluating an ineffectiveness claim are, however, subject to a presumption of correctness under 28 U.S.C. § 2254(e) unless the petitioner demonstrates by clear and convincing evidence that they are incorrect, *see Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).

Here, Petitioner's ineffective assistance of counsel claim was raised in his Rule 3.850 proceedings. Having acknowledged the standard for ineffective assistance of counsel claims enunciated in *Strickland* as controlling, *see* Dkt. 10 at 1-2, the trial court concluded that it was unable to conclusively refute the claim from the record and ordered the State to respond (Dkt. 14, Ex. 10 at 2-3).

In its response to the trial court's order, the State argued that Petitioner could not satisfy either prong of the *Strickland* test because the trial testimony established that the victim's business consisted of two separate structures. The main entrance to the structure

-7-

located on the front of the lot, facing Florida Avenue, was open to the public. The structure that was burglarized was, however, a private office and storage area located at the back of the lot. To gain entry into that building Petitioner had to pass through a gate in the chain link fence surrounding the property and a door posted with a sign that warned that access was limited to "Employees Only." Thus, the State argued, the building that was burglarized was not "open to the public," as Petitioner asserted in his Rule 3.850 motion. *See* Dkt. 11 (unnumbered).

Petitioner, on the other hand, contended that there was no evidence that there was a sign posted restricting access to the building when the offense of conviction occurred other than the victim's testimony. Petitioner further asserted that if the sign was posted, it was obstructed from view by the heavy rainfall that obscured his vision when he arrived at the site or hidden from view because the door on which it was posted was open. Petitioner speculated that any such sign was "only intended to keep the public out when the area is closed" (Dkt. 12 at 3).

Having the benefit of the parties' arguments, the trial court found as follows:

> Even had counsel investigated and discovered that when the doors were open the signs were partially hidden, and that customers sometimes walked around into the back storage area of the victim's repair shop, and, had testimony to this effect been provided at trial, such testimony would not have controverted the victim's testimony that he saw the Defendant taking tools out of a box belonging to the victim and putting them in a different box and that after the victim started to question the Defendant, he dropped the box and ran outside. (*See* transcript attachment to interim order, pages 90-91, attached.)
>
> The victim also testified that he grabbed the Defendant and detained him until the police arrived and put him in the back of the police car. (*See* transcript attachment to interim order, pages 91-93, attached.)

> Nor would such testimony have controverted the testimony of Barbara Houston who was in the front part of the shop where she heard the victim talking with the Defendant about his tools being stolen. (*See* transcript attachment to interim order, page 107, attached.)
>
> Defendant has not shown that there is a reasonable probability that the outcome of the trial would have been different. Defendant fails to satisfy prong 2 of *Strickland*. No relief is warranted on ground 2.

Dkt. 14, Ex. 13 at 2-3. Because the trial court applied the correct standard in its analysis of Petitioner's claim, he is entitled to federal habeas relief only if he establishes that the trial court's denial of his claim was objectively unreasonable. Under *Strickland*, "a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." 466 U.S. at 696.

At trial, Petitioner's defense was that his arrest on the burglary charge was a mistake. Trial counsel argued that Petitioner entered the property merely to get out of the rain, with no intent to commit a criminal act. The jury was not persuaded by this argument.

In support of his assertion that trial counsel's pretrial investigation was inadequate, Petitioner contends that trial counsel should have visited the crime scene to determine whether the building was actually closed to the public, as the State contended. In *Miller v. State*, the Florida Supreme Court held that "if a defendant can establish that the premises were open to the public, then this is a complete defense" to a burglary charge. 733 So. 2d 955, 957 (Fla. 1998). *Miller* failed, however, to address whether specified areas of the premises at issue may be considered "closed" to the public. The Florida Supreme Court addressed this question in *Johnson v. State*, finding that the question of whether a certain area of the premises is open to the public is generally a jury question. 786 So. 2d 1162,

1164 (Fla. 2001) (affirming *Miller* but permitting prosecution for defendant's unpermitted entry into a non-public portion of a convenience store where the defendant was aware that it was a prohibited area before he entered).

Testimony at the trial established that the victim had been working on a car prior to leaving the work area to retrieve a part for the delivery driver from the storage area, where he discovered Petitioner rummaging through his tools. The property was surrounded by a chain link fence, with access open to the public through the front area facing Florida Avenue. The back area of the property was accessed through a 14-foot gate installed to allow cars to be brought in to the work area and for use by delivery personnel. Petitioner entered the building situated at the back of the property, which served as the victim's office and tool storage area. That building had an 8-foot square "garage" door that opened to the tools storage area. According to the victim, he would open that door in the mornings to facilitate moving tools back and forth between the storage area and the work area.

The victim testified that he saw Petitioner inside the building standing next to the victim's tool box. According to the victim, Petitioner was holding a box into which he was placing tools he was removing from the victim's tool box. The victim further testified that he did not give Petitioner permission to enter the building and that a sign was posted on the outside of the building restricting entry to employees, indicating on a diagram where the sign was located for the jury's benefit.

The jury also heard testimony from the arresting officer that when questioned, Petitioner initially stated that he went inside the building to see "Pappa," who owed him $10 for sweeping the floor. When the victim said he had never seen Petitioner before, Petitioner told the officer that he went into the building to get out of the rain. The officer testified that

there were many buildings in that vicinity with awnings that offered protection from the rain. Petitioner did not testify.

The trial court charged the jury using the standard jury instruction for burglary, as amended by the Florida Supreme Court in 1997, which instructed, *inter alia*, that "[a] person may be guilty of this offense if he or she entered into or remained in areas of the premises which he or she knew *or should have known were not open to the public.*" *Standard Jury Instructions in Criminal Cases*, 697 So. 2d 84, 90 (Fla. 1997) (emphasis added). Given the evidence adduced by the State, this Court cannot say that a reasonable probability exists that the outcome of the case would have been different if trial counsel had presented evidence that the sign restricting access to the building was not posted when the offense of conviction occurred or that it was not visible to Petitioner when he entered the building. *See id.* The State adduced sufficient evidence to enable a rational juror to find that a reasonable person would conclude that the office and storage area were not open to the public. Having failed to meet the prejudice prong of the *Strickland* test, Petitioner has not established that he is entitled to relief on this claim. *See Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established Federal law or an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). This ground, therefore, lacks merit.

**Ground Two**

In Ground Two, Petitioner challenges the constitutionality of Florida's violent career criminal statute.[5] As discussed below, Petitioner is not entitled to relief in this Court because he defaulted the claim by not raising the federal dimension thereof in state court.

The issue appellate counsel presented in the *Anders* brief regarding Petitioner's sentence was pressed only in state law terms (Dkt. 2 at 10). *See Jenkins v. Bullard*, 2006 WL 3635410, *2 (11th Cir. 2006) (an adjudication of a claim presented in an *Anders* brief can satisfy the exhaustion requirement). Only two federal cases are cited in the appellate brief,[6] *Anders* and *Penson v. Ohio*, 488 U.S. 75 (1988), neither of which was cited in support of the sentencing issue, and no federal case law whatsoever is cited in the Rule 3.800(a) motion Petitioner filed challenging the legality of his sentence, *see* Dkt. 14, Ex. 16.

Pursuant to *Duncan v. Henry*, 513 U.S. 364 (1995), briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds. As the *Duncan* court held, clearly and unambiguously, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, *he must say so*, not only in federal court, but in state court." *Id.* at 365-366. As clarified more recently in *Baldwin v. Reese*, a decision focusing upon the requirement of a "fair presentation" of a petitioner's claims in state court, the United States

---

[5]Specifically, Petitioner argues that burglary does not qualify as a "violent" crime. The Florida Legislature has, however, determined otherwise. As the United States Supreme Court has recognized, "the substantive power to prescribe crimes and determine punishments is vested with the [state] legislature." *Ohio v. Johnson*, 467 U.S. 493, 500 (1984). The United States Supreme Court has also recognized recidivism is a traditional basis for increasing a sentence. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). Therefore, even if this claim were not procedurally barred, it would fail.

[6]*See Anders v. California,* 386 U.S. 738, 744 (1967). In the *Anders* brief, the attorney must identify anything in the record that might arguably support the appeal. The reviewing court is required to conduct a full examination of the record to decide whether the case is wholly frivolous, and only after that inquiry may it consider the appeal on the merits. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988).

Supreme Court held that ["a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" 541 U.S. 27, 32 (2004).

Like Reese, Petitioner did not "fairly present" the federal dimension of this claim – the documents he filed in the state courts did not indicate in any way that Petitioner was complaining about a violation of federal law, *see* Dkt. 7, Ex. 1 at 22-48. "As a general matter, the burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without its having been raised." *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005).

The Court concludes that Petitioner has failed to satisfy the requirement that he give the state courts an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'") (quoting *Duncan v. Henry*, 513 U.S. at 365).

In this circuit, the courts follow the "familiar principle that federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). Here, it would be futile to dismiss this case to give Petitioner the opportunity to exhaust the federal dimension of his claim because it could have and should have been raised on direct appeal. *See* Fla. R. Crim.P.

3.850(c);[7] *Maharaj v. State*, 684 So. 2d 726 (Fla. 1996). Because Petitioner did not present his federal claim to the highest state court, it has not been exhausted and is now procedurally barred in state court. Where, as here, "the petitioner simply never raised [the federal dimension of] a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d at 1303.

The issue of exhaustion of the federal dimension of the claim is a statutory requirement which the State did not expressly waive in this case. *See* 28 U.S.C. 2254(b)(3). "The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record."[8] *McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (citation omitted).

As state remedies are no longer available, Petitioner must show either "cause and prejudice" or "manifest injustice" to overcome this procedural default. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Petitioner offers no reason for his failure to raise the federal dimension of this claim in the state courts and the Court discerns none that would amount to good cause to overcome his default. Nothing in the record suggests that a miscarriage of justice will occur if the Court does not reach the merits of this claim. *See Murray v.*

---

[7] Under Fla. R. Crim. P. 3.850(c), "grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal" are procedurally barred from collateral review.

[8] In support of his request that the trial court exercise jurisdiction under Rule 3.800(a), Petitioner stated that "a sentence that patently fails to comport with statutory or constitutional limitations is by definition 'illegal'" (Dkt. 14, Ex. 016 at 1). Petitioner never, however, cited any United States Supreme Court or federal appellate court cases in support of the issue he raised, relying instead on state court opinions to argue his state law claim under state law standards. *See McNair*, *supra*, at 1303-04.

-14-

*Carrier*, 477 U.S. 478, 495-96 (1986). Because Petitioner fails to proffer "specific facts which support a finding that one of the exceptions to the procedural default rule exists," *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), it would be improper for this Court to address the merits of Ground Two, *see Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh

S:\PDF TEMP FILE\JSM Edit 04-1259 2254.wpd